



**Gavin J. Rooney**
Partner
Chair, Business & Class Action Litigation

One Lowenstein Drive
Roseland, New Jersey 07068

T: (973) 597-2472
E: grooney@lowenstein.com

June 9, 2025

*Defendants' request to adjourn the initial pretrial conference is DENIED. The conference will proceed as scheduled via Microsoft Teams on June 17, 2025. The Court reserves judgment on Defendants' remaining requests for relief.*

*SO ORDERED.*

*Dale E. Ho*
*United States District Judge*
*Dated: June 16, 2025*
*New York, New York*

**VIA ECF**

Hon. Dale E. Ho, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Boatner v. SSPS LLC, et al.*
      No. 1:25-cv-03251-DEH

Dear Judge Ho:

This firm represents Defendants SSPS, LLC d/b/a Sportzino, SCPS LLC d/b/a Zula Casino, and Social Gaming LLC d/b/a Fortune Coins (collectively, the "Operator Defendants"). The Operator Defendants—along with Defendants Blazesoft Ltd. and Blazegames, Inc. (collectively the "Affiliate Defendants," and together with the Operator Defendants, "Defendants")—will respond to the Complaint by filing a motion to compel arbitration and stay this action pending arbitration (the "Arbitration Motion"). In accordance with the general practices of this Court to stay discovery pending the resolution of motions to compel arbitration, I write to respectfully request two related forms of relief. *First*, pursuant to Paragraph 2(e) of Your Honor's Individual Rules and Practices on Civil Cases, the Operator Defendants respectfully request that Your Honor adjourn the Initial Pretrial Conference scheduled for June 17, 2025, pending resolution of the Arbitration Motion. *Second*, pursuant to Paragraph 4(k)[1] of Your Honor's Individual Rules and Practices on Civil Cases, the Operator Defendants respectfully request a conference to address the Operator Defendants' anticipated motion to stay discovery pending resolution of the Arbitration Motion.

The Affiliate Defendants consent to these requests. Defendants' counsel met and conferred with Plaintiff's counsel via Zoom on May 27, 2025, at 1:00 p.m. Plaintiffs' counsel advised that Plaintiff opposes the requests to hold discovery in abeyance pending a ruling on the Arbitration Motion. Following the conference, Plaintiff's counsel sent an email confirming the impasse. This is the first request for adjournment of the Initial Conference.

By way of background, Plaintiff commenced this putative class action on April 18, 2025, challenging the legality of various social gaming websites operated by the Operator Defendants. (*See generally* Compl. (ECF No. 1).) Plaintiff holds an account with each of the Operator

---

[1] Out of an abundance of caution, the Operator Defendants are treating their anticipated motion to stay discovery as a discovery dispute subject to Your Honor's pre-motion requirements under Rule 4(k).

Defendants. (*See id.* ¶¶ 91-93.) In order to open an account and access the websites, Plaintiff was required to, and did, agree to Terms & Conditions, which are referenced in the Complaint.[2] (*Id.* ¶ 30 n.10.) By accepting those Terms & Conditions, Plaintiff agreed to waive her right to seek relief as part of a class, and also agreed to arbitrate, among other things, all claims and disputes she may have that arise from or relate to her account, the websites, and the Terms & Conditions. (*See, e.g.*, Sportzino Terms & Conditions, *supra* note 2, § 11.2.) When she first agreed to the Terms & Conditions, Plaintiff had the right to opt out of the arbitration provision if she did not like its terms. (*Id.* § 11.7.) Plaintiff, however, chose not to do so. Because Plaintiff's claims fall within the broad scope of the arbitration provision, she must arbitrate them.

On April 24, 2025, the Court scheduled an Initial Pretrial Conference for June 17, 2025, at 2:00 p.m. (ECF No. 15.) On May 13, 2025, the Court granted the parties' joint request to extend Defendants' deadline to answer, move, or otherwise respond to the Complaint to July 29, 2025, which is approximately 45 days after the Initial Conference. (ECF No. 34.)

All Defendants will respond to the Complaint by filing the Arbitration Motion. The Affiliate Defendants will also move to dismiss this case for lack of personal jurisdiction. In light of Defendants' anticipated motion practice, good cause exists to adjourn the Initial Conference and stay discovery pending the resolution of the Arbitration Motion.

As this Court has recognized, "a stay of discovery while a motion to compel arbitration is pending 'is the general practice of district courts[.]'" *Cloney's Pharmacy, Inc. v. Wellpartner, Inc.*, No. 1:23-CV-10088-MKV, 2024 WL 4349291, at *3 n.8 (S.D.N.Y. Sept. 30, 2024) (quoting *Intertec Contracting v. Turner Steiner Int'l, S.A.*, No. 98 CIV. 9116 (CSH), 2001 WL 812224, at *7 (S.D.N.Y. July 18, 2001)); *see also Stiener v. Apple Computer, Inc.*, No. C 07-4486 SBA, 2007 WL 4219388, at *1 (N.D. Cal. Nov. 29, 2007) (noting that such a stay is "common practice"). Indeed, "courts in this Circuit have stayed discovery pending the resolution of a motion to compel arbitration without even investigating the three-part test cited above [for staying discovery pending resolution of a dispositive motion][3] . . . . Citing . . . concern for judicial economy." *Paniccioli v. Northstar Source Grp. LLC*, No. 24 CIV. 9763 (DEH) (GWG), 2025 WL 1427007, at *1 (S.D.N.Y. May 16, 2025) (cleaned up) (noting that "courts generally engage in a presumption that there should be a stay of discovery pending the decision on a motion to compel arbitration"); *see also Ross v. Bank of Am., N.A. (USA)*, No. 05 CIV. 7116 (WHP), 2006 WL 36909, at *1 (S.D.N.Y. Jan. 6, 2006) ("In view of the threshold issues concerning arbitration, this Court concludes that a stay of discovery is appropriate.").

There is no reason to depart from this Court's general practices here. Defendants' Arbitration Motion, if granted, would result in the parties having to litigate in a different forum that is governed by different procedural and discovery rules. A stay of discovery will conserve judicial and party

---

[2] *See, e.g.*, Sportzino Terms & Conditions (Mar. 28, 2025), https://sportzino.com/terms-and-conditions.

[3] "In deciding whether good cause has been shown pending a dispositive motion, courts consider a three-factor test: (1) the breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Paniccioli*, 2025 WL 1427007, at *1 (cleaned up).



resources. Moreover, by engaging in discovery, Defendants could be argued to have waived the right to pursue arbitration, which is another reason why courts stay discovery in these circumstances as a matter of course. *See Dome Tech., LLC v. Golden Sands Gen. Contractors, Inc.*, No. 3:16-CV-01607-VAB, 2017 WL 11577923, at *2 (D. Conn. July 24, 2017).

Even if the Court were inclined to consider the three-part test, the Operator Defendants would easily satisfy it here. Defendants' Arbitration Motion is meritorious; indeed, the Complaint cites the very Terms & Conditions that contain the mandatory arbitration provision. Any discovery would be expensive and potentially unnecessary if the Arbitration Motion is granted. And, finally, Plaintiff would suffer no prejudice by a short and temporary stay. *See, e.g., Paniccioli*, 2025 WL 1427007, at *1; *Dome Tech.*, 2017 WL 11577923, at *2.

Therefore, in accordance with this Court's common practices, the Court should adjourn the Initial Conference and stay discovery pending the resolution of the Arbitration Motion. *See, e.g., Cloney's,* 2024 WL 4349291, at *3 n.8 ("Following the filing of the present motion [to compel arbitration], the Court denied Plaintiffs' request for an initial pretrial conference and granted Defendant's request to stay discovery pending the Court's resolution of the present motion to dismiss or to stay, consistent with the weight of authority in this Circuit." (citations omitted)).

In an email following the parties' meet and confer, Plaintiff claimed that a stay pending resolution of the Arbitration Motion is "inconsistent with the Federal Rules of Civil Procedure and case law regarding the burden on a motion to stay discovery." Plaintiff is wrong, as shown above. Plaintiff also offered to limit discovery to "threshold issues of personal jurisdiction and arbitration before those motions are decided." But that proposal runs counter to the general practice of this Court and the very purpose of granting stays under these circumstances (that is, to conserve party and judicial resources). Indeed, if the Court grants Defendants' Arbitration Motion, the Court will not have to consider the Affiliate Defendants' jurisdictional motion. Therefore, Defendants respectfully submit that the most efficient approach is for the Court to decide the Arbitration Motion before considering the Jurisdictional Motion. *See Lewis v. ANSYS, Inc.*, No. 19-CV-10427 (AJN), 2021 WL 1199072, at *3 (S.D.N.Y. Mar. 30, 2021) ("Courts in this district will resolve a motion to compel arbitration prior to resolving a motion to dismiss for lack of personal jurisdiction.") (citing authority).

At best, Plaintiff's proposal is premature. Discovery in connection with Defendants' Arbitration Motion or the Affiliate Defendants' motion to dismiss for lack of personal jurisdiction is not automatic. Plaintiff must make an evidentiary showing. *See Sigma Lithium Corp. v. Gardner*, No. 23 Civ. 7403 (DEH), 2025 WL 1268311, at *7 (S.D.N.Y. May 1, 2025) ("A court may grant jurisdictional discovery if a plaintiff identifies a genuine issue of jurisdictional fact, but discovery need not be granted to allow Plaintiff to engage in an unfounded fishing expedition for jurisdictional facts." (cleaned up)); *Moton v. Maplebear Inc.*, No. 15 Civ. 8879 (CM), 2016 WL 616343, at *4 (S.D.N.Y. Feb. 9, 2016) ("Courts have permitted limited discovery into the validity of the arbitration agreement only when the party opposing arbitration comes forth with reliable evidence that is more than a naked assertion that it did not intend to be bound by the arbitration agreement, even though on the face of the pleadings it appears that it did." (cleaned up)). Because Defendants have not filed their motions yet, Plaintiff cannot even attempt to make those showings.



Hon. Dale E. Ho, U.S.D.J.   June 9, 2025
Page 4

We thank the Court for its attention to this matter.

Respectfully submitted,

*s/ Gavin J. Rooney*

Gavin J. Rooney

GJR:AB

cc:     Counsel for Plaintiff (via ECF)

43554/7
6/9/25 314787179 1

