

**Gavin J. Rooney**
Partner
Chair, Business & Class Action
Litigation

One Lowenstein Drive
Roseland, New Jersey 07068

T: (973) 597-2472
E: grooney@lowenstein.com

June 30, 2025

**VIA ECF**

Hon. Dale E. Ho, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Boatner v. SSPS LLC, et al.*
      No. 1:25-cv-03251-DEH

Dear Judge Ho:

This firm represents Defendants SSPS, LLC d/b/a Sportzino, SCPS LLC d/b/a Zula Casino, and Social Gaming LLC d/b/a Fortune Coins (collectively, the "Operator Defendants"). In accordance with the Court's Text Order entered on June 17, 2025 (ECF No. 43), the Operator Defendants and Defendants Blazesoft Ltd. and Blazegames, Inc. (collectively the "Affiliate Defendants," and together with the Operator Defendants, "Defendants") jointly submit this letter motion seeking to stay discovery pending resolution of their motion to compel arbitration and stay this action pending arbitration filed contemporaneously herewith (the "Arbitration Motion"). The parties met and conferred concerning this application, as required, but were unable to reach an agreement.

## The Arbitration Motion

Plaintiff commenced this putative class action on April 18, 2025, challenging the legality of various social gaming websites operated by the Operator Defendants. (*See* Compl. (ECF No. 1).) As established in the Arbitration Motion, before filing this action, Plaintiff agreed to arbitrate her dispute and to waive her right to file claims on behalf of a class.

As the Complaint itself acknowledges, Plaintiff holds an account with each of the Operator Defendants. (*See id.* ¶¶ 91-93.) The Arbitration Motion is supported by a sworn declaration establishing that in order to open an account and access the websites, Plaintiff was required to, and did, agree to Terms & Conditions via a clickwrap agreement, which are routinely enforced by courts around the country, including in the Second Circuit. Indeed, the Complaint itself repeatedly cites to and relies upon those Terms and Conditions. (*Id.* at ¶¶ 27, 30, 30 n.10, 82, 84.)

By accepting the Terms & Conditions, Plaintiff agreed to waive her right to seek relief as part of a class, and also agreed to arbitrate, among other things, all claims and disputes she may have that arise from or relate to her account, the websites, and the Terms & Conditions. Notably, when she first agreed to the Terms & Conditions, Plaintiff had the right to opt out of the arbitration provision

Hon. Dale E. Ho, U.S.D.J.  
June 30, 2025  
Page 2

if she did not like its terms. Plaintiff, however, chose not to do so. Because Plaintiff's claims fall within the broad scope of the arbitration provision, she must arbitrate them.

The Complaint also sues two of the Operator Defendants' affiliates, evidently hoping to argue that she is not in privity of contract with these entities. But Plaintiff must arbitrate those claims too. Given the closeness of the relationship between the Operator Defendants and the Affiliate Defendants and the broad delegation clause, established Second Circuit law holds that the question of arbitrability lies with the arbitrator, not this Court. Regardless, Plaintiff's claims against the Affiliate Defendants are intertwined with (and are no different from) the claims pleaded against the Operator Defendants and, therefore, those claims too must be compelled to arbitration.

### The Court Should Stay Discovery Pending Resolution Of The Arbitration Motion.

As this Court has recognized, "a stay of discovery while a motion to compel arbitration is pending 'is the general practice of district courts[.]'" *Cloney's Pharmacy, Inc. v. Wellpartner, Inc.*, No. 1:23-CV-10088-MKV, 2024 WL 4349291, at *3 n.8 (S.D.N.Y. Sept. 30, 2024) (quoting *Intertec Contracting v. Turner Steiner Int'l, S.A.*, No. 98 CIV. 9116 (CSH), 2001 WL 812224, at *7 (S.D.N.Y. July 18, 2001)); *see also Stiener v. Apple Computer, Inc.*, No. C 07-4486 SBA, 2007 WL 4219388, at *1 (N.D. Cal. Nov. 29, 2007) (noting that such a stay is "common practice"). Indeed, "courts in this Circuit have stayed discovery pending the resolution of a motion to compel arbitration without even investigating the three-part test cited above [for staying discovery pending resolution of a dispositive motion][1] . . . . Citing . . . concern for judicial economy." *Paniccioli v. Northstar Source Grp. LLC*, No. 24 CIV. 9763 (DEH) (GWG), 2025 WL 1427007, at *1 (S.D.N.Y. May 16, 2025) (cleaned up) (noting that "courts generally engage in a presumption that there should be a stay of discovery pending the decision on a motion to compel arbitration"); *see also Ross v. Bank of Am., N.A. (USA)*, No. 05 CIV. 7116 (WHP), 2006 WL 36909, at *1 (S.D.N.Y. Jan. 6, 2006) ("In view of the threshold issues concerning arbitration, this Court concludes that a stay of discovery is appropriate.").

There is no reason to depart from this Court's general practices here. Defendants' Arbitration Motion, if granted, would result in the parties having to litigate in a different forum that is governed by different procedural and discovery rules. A stay of discovery will conserve judicial and party resources. Moreover, by engaging in discovery, Defendants could be argued to have waived the right to pursue arbitration, which is another reason why courts stay discovery in these circumstances as a matter of course. *See Dome Tech., LLC v. Golden Sands Gen. Contractors, Inc.*, No. 3:16-CV-01607-VAB, 2017 WL 11577923, at *2 (D. Conn. July 24, 2017).

---

[1] "In deciding whether good cause has been shown pending a dispositive motion, courts consider a three-factor test: (1) the breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Paniccioli*, 2025 WL 1427007, at *1 (cleaned up).



Hon. Dale E. Ho, U.S.D.J.  June 30, 2025
Page 3

Even if the Court were inclined to consider the three-part test, Defendants would easily satisfy it here. Defendants' Arbitration Motion is meritorious, as established above; indeed, the Complaint cites the very Terms & Conditions that contain the mandatory arbitration provision. Any discovery would be expensive and potentially unnecessary if the Arbitration Motion is granted. And, finally, Plaintiff would suffer no prejudice by a short and temporary stay. *See, e.g., Paniccioli*, 2025 WL 1427007, at *1; *Dome Tech.*, 2017 WL 11577923, at *2.

Therefore, in accordance with this Court's common practices, the Court should stay discovery pending the resolution of the Arbitration Motion.

### The Court Should Decide The Arbitration Motion Before Considering The Affiliate Defendants' Anticipated Jurisdictional Motion.

In addition to the pending Arbitration Motion, the Affiliate Defendants only (not the Operator Defendants) anticipate filing a motion to dismiss for lack of personal jurisdiction on or before the current deadline of July 29, 2025. (ECF No. 34.) Although that motion will not be filed for another month, Plaintiff has taken the position that the Court should order Defendants to produce jurisdictional discovery. According to Plaintiff, "a court cannot rule on a motion to compel arbitration without first establishing personal jurisdiction." (ECF No. 41 at 4.) Plaintiff is wrong.

"Courts in this district **will** resolve a motion to compel arbitration **prior to** resolving a motion to dismiss for lack of personal jurisdiction." *Lewis v. ANSYS, Inc.*, No. 19-CV-10427 (AJN), 2021 WL 1199072, at *3 (S.D.N.Y. Mar. 30, 2021) (emphasis added); *see Desarrolladora La Ribera v. Anderson*, No. 24-CV-67 (LAK) (BCM), 2024 WL 5186600, at *10 n.13 (S.D.N.Y. Dec. 20, 2024) (noting that "a district court may grant a motion to compel arbitration notwithstanding the pendency of a motion to dismiss on jurisdictional grounds") (citing authority). Where a motion to compel arbitration would, if granted, moot the jurisdictional issue, courts exercise their discretion to decide the motion to compel arbitration before the jurisdictional motion. *See, e.g., In re Residential Cap., LLC*, 563 B.R. 756, 766 (Bankr. S.D.N.Y. 2016) ("Given the circumstances here, the Court concludes that it is appropriate to address the Arbitration Motions as the threshold matter because resolution of those motions will moot in large part the remaining motions."); *Ramasamy v. Essar Glob. Ltd.*, 825 F. Supp. 2d 466, 467 n.1 (S.D.N.Y. 2011) ("Because the Court has determined the case should be dismissed in favor of arbitration, it does not reach defendant's motion to dismiss for lack of personal jurisdiction or for failure to state a claim.").

There can be no dispute that the most efficient approach is for the Court to decide the Arbitration Motion before considering the anticipated jurisdictional motion. All Defendants have moved to compel arbitration, and that motion, if granted, would moot any jurisdictional challenge. On that basis alone, the Court should stay discovery pending the resolution of the Arbitration Motion.

As the parties previously reported (*see* ECF No. 44 at 3.), the Northern District of Illinois, in a substantially similar case being prosecuted by Plaintiff's counsel (the "*Ambrosia* Matter"), recently rejected the same argument that Plaintiff is advancing here; that is, that the Court cannot consider motions to compel arbitration before personal jurisdiction has been established. Indeed,



the *Ambrosia* court set a briefing schedule and hearing date on the motion to compel arbitration, and "continued" the jurisdictional motion without setting a briefing schedule. (*Id.*)

The grounds for staying discovery are more compelling in this case than they were in the *Ambrosia* Matter. Unlike the circumstances in *Ambrosia*, there is no jurisdictional motion pending in this case, and such application will not be filed until July 29, in accordance with the schedule to which Plaintiff stipulated. (ECF No. 34.) Thus, there is no jurisdictional motion to even consider at this point.

Moreover, jurisdictional discovery now would do little to advance this litigation. Plaintiff's theory of liability and jurisdiction against the Affiliate Defendants is the notion that they are the alter egos of the Operator Defendants. (ECF No. 41 at 3.) And Plaintiff seeks jurisdictional discovery to establish such relationship. (*Id.*) However, Plaintiff's allegations of alter ego alone compel her to arbitrate her claims against the Affiliate Defendants. (*See* Arbitration Motion at 20-21.) Therefore, if Plaintiff establishes that the Affiliate Defendants are the alter ego of the Operator Defendants for purposes of a jurisdictional motion, all that would do is bolster the conclusion that Plaintiff must arbitrate her claims against the Affiliate Defendants. Conversely, if Plaintiff fails to establish alter ego status, then the Court would lack personal jurisdiction over the Affiliate Defendants. Therefore, jurisdictional discovery at this juncture—before adjudication of the Arbitration Motion—would result in a waste of judicial and party resources.

At best, Plaintiff's proposal is premature. Discovery in connection with the Affiliate Defendants' (not-yet-filed) motion to dismiss for lack of personal jurisdiction is not automatic. Plaintiff must meet a particularized standard. *See Sigma Lithium Corp. v. Gardner*, No. 23 Civ. 7403 (DEH), 2025 WL 1268311, at *7 (S.D.N.Y. May 1, 2025) ("A court may grant jurisdictional discovery if a plaintiff identifies a genuine issue of jurisdictional fact, but discovery need not be granted to allow Plaintiff to engage in an unfounded fishing expedition for jurisdictional facts." (cleaned up)). Because the Affiliate Defendants have not filed their jurisdictional motion yet, Plaintiff cannot even attempt to make those showings.

We thank the Court for its attention to this matter.

Respectfully submitted,

*s/ Gavin J. Rooney*

Gavin J. Rooney

GJR:AB

cc: Counsel for Plaintiff (via ECF)

43554/7  
6/30/25 314787179.1



APPLICATION GRANTED. "[C]ourts generally engage in a presumption that there should be a stay of discovery pending [a] decision on a motion to compel arbitration." *Paniccioli v. Northstar Source Grp. LLC*, No. 24 Civ. 9763, 2025 WL 1427007, at *1 (S.D.N.Y. May 16, 2025). Here, Plaintiff requests limited discovery regarding personal jurisdiction, which Plaintiff argues this Court must resolve before addressing Defendants' pending motion to compel arbitration. See Pl.'s Opp. at 1-4, ECF No. 51. Another district court, however, recently rejected the same argument in a case involving these Defendants. See *Ambrosia v. Blazesoft Ltd.*, No. 25 Civ. 1723, Mem. Op. and Order at 4, ECF No. 75 (N.D. Ill. Oct. 21, 2025) ("[T]he Court may decide defendants' motion to compel arbitration before determining if it has personal jurisdiction over defendants.").

Plaintiff also requests limited arbitration-related jurisdiction. See Pl.'s Opp. at 4-5. But Plaintiff has already filed her opposition to the motion to compel arbitration, and does not raise or allude to any fact-dependent arguments that would benefit from discovery. *See* ECF No. 52.

Accordingly, discovery in this matter is stayed pending resolution of the motion to compel arbitration. The Clerk of Court is respectfully directed to close ECF No. 50.

SO ORDERED.

Dated: October 23, 2025        Dale E. Ho
New York, New York              United States District Judge