UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUTUMN BOATNER,<br><br>       Plaintiff,<br><br>   v.<br><br>SSPS LLC, et al.,<br><br>       Defendants. | 25 Civ. 3251 (DEH)<br><br>**MEMORANDUM**<br>**OPINION AND ORDER** |

DALE E. HO, United States District Judge:

  Currently before the Court are: (1) a Motion for to Compel Arbitration and to Stay this action, filed by Defendants SSPS, LLC d/b/a Sportzino, SCPS LLC d/b/a Zula Casino, Social Gaming LLC d/b/a Fortune Coins, Blazesoft Ltd., and Blazegames, Inc. (collectively, "Defendants"), ECF No. 45 (the "Motion to Compel Arbitration"); (2) a Motion to Dismiss filed by Defendants Blazesoft Ltd. and Blazegames, Inc. (together, the "Owner Defendants"), ECF No. 53; and (3) Plaintiff's Motion to Strike portions of the declaration of Geoff Hall, ECF No. 58, submitted in support of Defendants' Motion to Compel Arbitration, ECF No. 60.

  For the reasons stated above, Defendants Motion to Compel Arbitration is **GRANTED**. Plaintiff's Motion to Strike and the Affiliate Defendants' Motion to Dismiss are **DENIED AS MOOT**.

**BACKGROUND**

  Plaintiff Autumn Boatner brings this putative class action alleging that the Owner Defendants operate three online casinos that were recently banned in in New York State—SSPS LLC d/b/a Sportzino, SCPS LLC d/b/a Zula Casino, and Social Gaming LLC d/b/a Fortune Coins (the "Casino Defendants")—and that, together, Defendants "prey on consumers through addictive and illegal online gambling falsely marketed as free-to-play 'sweepstakes' casinos." Pl.'s Opp'n

to Mot. to Compel Arb. ("Pl.'s Opp'n") at 1, ECF No. 52.  However, under the Casino Defendants' Terms & Conditions, *see* German Decl. ¶¶ 15-17, Exs. E-K, ECF Nos. 49-5 to 49-11, their users must agree to arbitrate disputes.  The Arbitration Agreement, in turn, requires the parties to arbitrate:

> any past, pending, or future dispute, claim or controversy arising out of or relating to any purchase or transaction by You, your access to or use of the Service, or to this Arbitration Agreement, the Terms of Use, Privacy Policy, or any other rules that you are required to accept in order to use this Website or the Service (including without limitation any dispute concerning the breach, enforcement, construction, validity, interpretation, enforceability, or arbitrability of this Agreement or the Terms of Use) (a "Dispute") . . .

German Decl., Ex. J, § 11.2, ECF No. 49-10.  The Arbitration Agreement also contains a Delegation Provision providing that the parties:

> agree and delegate to the arbitrator the exclusive jurisdiction to rule on his or her own jurisdiction over the Dispute, including any objections with respect to the scope, validity, enforceability, or severability of this Agreement or its provisions, as well as the arbitrability of any claims or counterclaims presented as part of the Dispute.

*Id.*  Based on these provisions and others, Defendants move to compel arbitration.

## LEGAL STANDARD

On a motion to compel arbitration, a court adopts "a standard similar to that applicable for a motion for summary judgment" and requires courts to "consider[] all relevant, admissible evidence submitted by the parties and contained in pleadings, depositions, answers to interrogatories, and admissions on file, together with . . . affidavits." *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 74 (2d Cir. 2017) (internal quotation marks and citations omitted); *see also Soliman v. Subway Franchisee Advert. Fund Trust, Ltd.*, 999 F.3d 828, 833-34 (2d Cir. 2021) (same).

## DISCUSSION

There is no dispute that Plaintiff's claims fall within the scope of the Arbitration Agreement.  Plaintiff nevertheless argues that the Arbitration Agreement is invalid and unenforceable because it: (1) is prohibited under Ontario law, which Plaintiff says governs here;

2

(2) is unconscionable; and (3) is part of an unlawful gambling contract. *See* Pl.'s Opp'n at 2. A recent decision from the Northern District of Illinois, however, considered these arguments with respect to the same Defendants and Arbitration Agreement, and rejected them. *See Ambrosia v. Blazesoft Ltd.*, No. 25 Civ. 1723, 2025 WL 2976477 (N.D. Ill. Oct. 21, 2025). This Court agrees with the reasoning in *Ambrosia* and therefore reaches the same conclusions.

First, with respect to Plaintiff's contention that Ontario law—and not the U.S. Federal Arbitration Act and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 ("the New York Convention")—governs here, the *Ambrosia* court explained that "[t]he laws of Ontario, Canada adopt the New York Convention through the United Nations Foreign Arbitral Awards Convention Act. And the United Nations Foreign Arbitral Awards Convention Act states that, in the event of any inconsistency, it and the Convention prevail over any other law." *See id.* at *3 (citing Revised Statutes of Canada, 1985, c. 16 § 5 (2nd Supp.)). Accordingly, Plaintiff's argument that Ontario law, rather than the New York Convention, controls this dispute fails.

Second, with respect to Plaintiff's arguments that the Arbitration Agreement is unenforceable because it is barred by Ontario law, unconscionable, and part of an unlawful gambling contract, the *Ambrosia* court concluded that, under the terms of the Arbitration Agreement, "these are not matters for the Court to decide," but rather are left to be decided via arbitration. *See id.* And while Plaintiff contends that the delegation clause of the Arbitration Agreement is itself unenforceable, *see* Pl.'s Opp'n at 17, "[c]ourts have held that only defenses that can be applied neutrally on an international scale (*e.g.*, fraud, mistake, duress or waiver) render 'null and void' an agreement governed by the New York Convention." *Ambrosia*, 2025 WL 2976477, at *4. Because Plaintiff's arguments regarding the purported unenforceability of the

delegation clause do not fall into any of these recognized categories, Plaintiff's contention that these issues must be decided by the district court, rather than an arbitrator, fails.

Plaintiff avers that this conclusion is inconsistent with binding precedent from the Second Circuit purportedly providing that "[w]here—as here—the parties have included a choice-of-law clause in their agreement, the Second Circuit has made clear that the substantive law selected by the parties governs enforceability under the Convention." Pl.'s Resp. to Defs.' Notice of Supp. Auth. ("Pl.'s Resp.") at 2, ECF No. 68 (citing *Sphere Drake Ins. Ltd. v. Clarendon Nat'l Ins. Co.*, 263 F.3d 26, 29, 32 & n.3 (2d Cir. 2001)). But the Second Circuit in *Sphere Drake* looked to state law to determine whether contract *formation* occurred—*i.e.*, whether it came into legal existence—not whether the arbitration agreement was otherwise unenforceable. *See Sphere Drake*, 263 F.3d at 32; *SSI (Beijing) Co. Ltd. v. Prosper Bus. Dev. Corp.*, No. 18 Civ. 8408, 2020 WL 6323938, at *12 n.11 (S.D.N.Y. July 30, 2020), *report and recommendation adopted*, 2020 WL 5253515 (S.D.N.Y. Sept. 3, 2020). And district courts in this Circuit have "widely adopted" the same formulation referenced in *Ambrosia*—namely, that an agreement to arbitrate "is 'null and void' only (1) when it is subject to an internationally recognized defense such as duress, mistake, fraud, or waiver, or (2) when it contravenes fundamental policies of the forum state." *SSI (Beijing) Co. Ltd.*, 2020 WL 6323938, at *9 (internal quotation marks and citations omitted). None of these circumstances are present here.

## CONCLUSION

For the reasons explained above, Defendant's Motion to Compel Arbitration is **GRANTED**. Because the Court does not rely on the Hall declaration submitted in support of the Motion, Plaintiff's Motion to Strike it is **DENIED AS MOOT**. And in light of the Court's decision granting the motion to compel arbitration, the Affiliate Defendants' Motion to Dismiss is **DENIED AS MOOT**.

This matter is **STAYED** pending arbitration. The parties are directed to file a joint status letter regarding the status of arbitration proceedings on or before May 21, 2026.

The Clerk of Court is respectfully requested to terminate ECF Nos. 45, 53, and 60, and to close this case.

SO ORDERED.

Dated: November 25, 2025

New York, New York

                                                                DALE E. HO
                                                     United States District Judge

5