UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AUTUMN BOATNER,

                    Plaintiff,

            v.

SSPS LLC, et al.,

                    Defendants.

25 Civ. 3251 (DEH)

**MEMORANDUM
OPINION AND ORDER**

DALE E. HO, United States District Judge:

Plaintiff Autumn Boatner moves for the Court to certify for interlocutory review its November 25, 2025 Order granting Defendants' motion to compel arbitration, *see* Opinion and Order, ECF No. 70 (the "Arbitration Order"). For the reasons stated herein, the motion is **GRANTED**.

## LEGAL STANDARD

28 U.S.C. § 1292(b) provides for certification of an order for interlocutory appeal when the court determines: "[1] that such order involves a controlling question of law [2] as to which there is a substantial ground for difference of opinion and [3] that an immediate appeal from [that] order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The movant has "the burden of showing that all three of the substantive criteria are met." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 529-30 (S.D.N.Y. 2014) (citing *Casey v. Long Island R.R.*, 406 F.3d 142, 146 (2d Cir. 2005)). "These three prerequisites create a significant hurdle to certification, and the barrier is only elevated by the mandate that section 1292(b) be 'strictly limited' because 'only exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *McNeil v. Aguilos*, 820 F. Supp. 77, 79 (S.D.N.Y. 1993) (Sotomayor, J.) (quoting *Klinghoffer v.*

*S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir. 1990)).

"[I]nterlocutory appeals are strongly disfavored in federal practice," and movants cannot invoke the appellate process "as a vehicle to provide early review [even] of difficult rulings in hard cases." *In re Adelphia Commc'ns Corp.*, No. 07 Civ. 9999, 2008 WL 361082, at *1 (S.D.N.Y. Feb. 7, 2008). Thus, the applicable factors under §1292(b) must "be strictly construed." *Wausau Bus. Ins. Co. v. Turner Constr. Co.*, 151 F. Supp. 2d 488, 491-92 (S.D.N.Y. 2001). And "even where the three legislative criteria of section § 1292(b) appear to be met, district courts retain 'unfettered discretion to deny certification' if other factors counsel against it." *Transp. Workers Union of Am., Loc. 100 v. N.Y.C. Transit Auth.*, 358 F. Supp. 2d 347, 351 (S.D.N.Y. 2005) (internal citations omitted). Such unfettered discretion can be for "any reason, including docket congestion" and "the system-wide costs and benefits of allowing the appeal," *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990).

## BACKGROUND

The Court presumes familiarity with the Arbitration Order in this case. In brief, Plaintiff brings consumer fraud claims against Defendants, whom they allege "prey on consumers through addictive and illegal online gambling falsely marketed as free-to-play 'sweepstakes' casinos." Arbitration Order at 1. While Plaintiff's claims fall within the scope of an arbitration agreement between the parties, she contends that the arbitration agreement (1) is governed by Ontario law and (2) that under Ontario law, it is not enforceable. *See id.* at 2-3. In granting Defendants' motion to compel arbitration, the Court rejected the first contention, holding that the agreement is instead governed by the New York Convention, and that no defenses available under the Convention are applicable here. *See id.* at 3.

Plaintiff now moves for interlocutory appeal of the Arbitration Order. She contends that, in determining whether an arbitration agreement is "null and void" under the New York

Convention, "the substantive law chosen by the parties"—namely "a choice-of-law clause in [the underlying arbitration] agreement"—governs. Pl.'s Mem. in Supp. of Mot. to Certify Order for Interlocutory Review at 1, ECF No. 72.

## DISCUSSION

### I.    Application of the Section 1292(b) Factors

In granting Defendants' motion to compel arbitration, this Court relied heavily on a recent decision from the Northern District of Illinois, concerning the same issues presented in this case. *See Ambrosia v. Blazesoft Ltd.*, No. 25 Civ. 1723, 2025 WL 2976477 (N.D. Ill. Oct. 21, 2025) ("*Ambrosia I*"). This Court agreed with the reasoning in *Ambrosia* and therefore reached the same conclusion as to arbitrability. Since then, the *Ambrosia* court has certified its order compelling arbitration for interlocutory appeal. *See Ambrosia v. Blazesoft Ltd.*, No. 25 Civ. 1723, 2025 WL 3707261 (N.D. Ill. Dec. 22, 2025) ("*Ambrosia II*"). This Court is again persuaded by the sound reasoning of the *Ambrosia* court, and now grants the motion to certify interlocutory appeal for substantially the same reasons as those set forth in *Ambrosia II*.

First, the question presented here is undoubtedly controlling. "[W]hether a court should interpret the [New York Convention's 'null and void'] clause narrowly when determining whether an arbitration agreement governed by the Convention is enforceable . . . is controlling because its determination ended litigation of the present case in court." *Id.* at *3.

Second, there is substantial ground for difference of opinion here. While this Court granted the motion to compel arbitration and concluded that this outcome was not inconsistent with Second Circuit precedent, *see* Arbitration Order at 4, there are opinions from the Second Circuit with arguably conflicting guidance on the issues presented here. *Compare Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 50-51 (2d Cir. 2004) (applying Swiss choice-of-law clauses governing agreements to determine arbitrability), *with Sarhank Grp. v. Oracle Corp.*, 404 F.3d 657, 661-62

(2d Cir. 2005) (declining to apply an Egyptian choice-of-law clause to arbitrability issues under the New York Convention).  Thus, one court in this District has observed that "[w]here the choice of law in a [New York] Convention case is between the law specified by the choice-of-law clause and federal common law, Second Circuit precedent has been less than crystal clear." *FR 8 Sing. Pte. Ltd. v. Albacore Mar. Inc.*, 754 F. Supp. 2d 628, 634 (S.D.N.Y. 2010); *see also Desarrolladora La Ribera v. Anderson*, No. 24 Civ. 67, 2024 WL 5186600, at *13 n.17 (S.D.N.Y. Dec. 20, 2024) ("The lower federal courts have frequently acknowledged the rocky precedential landscape on this point.") (quotations omitted).

Third, an immediate appeal allowing "determination of this question on appeal now, rather than later after an arbitration proceeding is complete, may materially advance the ultimate termination of the litigation." *Ambrosia II*, 2025 WL 3707261, at *3.

Accordingly, mindful of the heavy presumption against interlocutory appeal and construing the § 1292(b) factors strictly, the Court concludes that Plaintiff has met her burden of establishing that these factors favor interlocutory appeal.

## II.     Other Considerations

Defendants contend that the motion should be denied because Plaintiff "never raised the issue she now seeks to certify when briefing the motion to compel arbitration."  Defs.' Opp'n to Mot. to Certify Order for Interlocutory Review at 5, ECF No. 74 ("Defs.' Opp'n").  But Plaintiff previously argued that Ontario law governs whether the arbitration agreement in this case is enforceable, and that under Ontario law, it is not.  *See* Pl.'s Opp. to Mot. to Compel Arb. at 4-9, ECF No. 52.  "This argument is substantively the same as the argument that the plaintiffs now raise in their motion [for interlocutory appeal]." *Ambrosia II*, 2025 WL 3707261, at *2 n.1.

The Court has also considered whether other factors might counsel against certification for interlocutory appeal and has found none.  Indeed, with respect to "system-wide costs and benefits,"

*Klinghoffer*, 921 F.2d at 24, an immediate appeal could also "spare the parties the burden of an arbitration that would be obviated by a later decision [reversing the order compelling arbitration]." *Silva v. Schmidt Baking Distrib., LLC*, 162 F.4th 354, 358 (2d Cir. 2025).  By contrast, denying the motion would not promote judicial economy; given the novelty of the legal question presented, its case-dispositive nature, and its potentially wide-reaching implications, denying the motion would likely only postpone rather than obviate an appeal.

### CONCLUSION

For the reasons explained above, Ms. Boatner's motion to certify interlocutory appeal is **GRANTED**.  The Clerk of Court is respectfully requested to terminate ECF No. 71.

SO ORDERED.

Dated: January 21, 2026

New York, New York

_____

DALE E. HO
United States District Judge

5